Barefoot v. Trask

We hold the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MARTIN concur.

D. MURRAY BAREFOOT v. ALEX TRASK, JR.

No. 745SC812

(Filed 18 December 1974)

**Boating— operation of boat — insufficient evidence of negligence**

> Plaintiff's evidence was insufficient to make out a case of actionable negligence by defendant in the operation of an outboard motorboat where it tended to show only that plaintiff and defendant decided to return to shore when the ocean became rough, that defendant was operating the boat at a speed of 20 mph across six-foot waves while the boat was passing through the breakers, that plaintiff shouted to defendant to "slow down" but defendant did not respond, and that the boat bounced on the waves and plaintiff was thrown against his seat injuring his back.

APPEAL by plaintiff from *Wells, Judge,* 16 April 1974 Session of Superior Court held in NEW HANOVER County. Heard in Court of Appeals 10 December 1974.

This action was filed to recover for personal injuries alleged to have been suffered on 1 May 1969 as the result of defendant's negligent operation of a 22-foot motorboat in which plaintiff was a passenger. The incident occurred as the parties were returning from a fishing trip in the Atlantic Ocean, just east of Masonboro Inlet.

At the conclusion of the plaintiff's evidence, which on the issue of negligence consisted solely of his own testimony, a directed verdict was entered for the defendant on grounds that the plaintiff failed to show actionable negligence and that the plaintiff was contributorily negligent as a matter of law.

*Murchison, Fox & Newton, by James C. Fox, for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant appellee.*

ARNOLD, Judge.

Upon motion by the defendant for a directed verdict the evidence of the plaintiff must be taken in the light most favorable to him and he is entitled to the benefit of all reasonable inferences which may be drawn therefrom. *Dawson v. Jennette,* 278 N.C. 438, 180 S.E. 2d 121.

Plaintiff's evidence, if believed, would tend to show that at the time the accident occurred the boat was passing through breaking waters en route to shore. Defendant was operating the boat at a speed of twenty miles an hour across six-foot waves in a 20 to 25 mile an hour wind. The boat bounced over the waves. Plaintiff, because he was getting wet, moved from a seat near the stern to the baitcasting platform near the bow. He shouted to defendant "slow down," but defendant did not respond. Moments later, plaintiff was lifted by the movement of the boat, lost his grip on the edge of the platform, came down, and met the boat with such force that he injured his back.

Plaintiff offered no evidence to show that defendant acted unreasonably in crossing the breakers or operated the boat at a speed greater than necessary in order to cross them. In fact, plaintiff testified that an outboard motorboat, such as the one in question, has the ability to come in continually through the waves. The case of *Gilreath v. Silverman,* 245 N.C. 51, 95 S.E. 2d 107, is distinguishable. There the operator of the motorboat from which plaintiff's decedent fell testified that his speed was "rough and reckless" under existing conditions. Here we have only plaintiff's contention that speed was excessive. There was no evidence that the speed of the boat caused it to bounce with violence not attributable primarily to the rough sea. Plaintiff testified that the effect of speed "depends on the plane of the boat. . . . The more waves that you have to contend with, the more activity there is going to be with the boat going up and down." Finally, nothing in plaintiff's testimony indicates that, given the condition of the sea, he would not have been lifted by the wave and lost his seat if defendant had operated the boat differently.

Viewed in his favor, all plaintiff's evidence tends to show is that he and defendant decided to return to shore when the sea became rough. The boat entered the inlet and started crossing the breakers. It bounced on the waves and plaintiff was thrown against his seat injuring his back.

We hold that this evidence is insufficient to make out a *prima facie* case of actionable negligence. In so holding we do not reach the additional issues of whether plaintiff was contributorily negligent and whether maritime law applies to the facts in this case. The order of the trial court, granting defendant's motion for directed verdict, is affirmed.

Affirmed.

Judges BRITT and VAUGHN concur.